UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Liberty Mutual Fire Insurance Company, et al.

    v.                                                                                    Civil No. 1:22-cv-00079-JL
                                                                                      Opinion No. 2023 DNH 105

SoClean, Inc.

## MEMORANDUM ORDER

In this consolidated insurance coverage dispute, resolution of the defendant-insured's motion to dismiss hinges on the timeliness of one of the plaintiff-insurer's declaratory judgment petitions. Plaintiff Central Mutual Insurance Company, one of defendant-insured SoClean, Inc.'s insurers, filed this declaratory judgment action seeking a determination as to whether it must provide coverage and a defense to SoClean for a number of class action lawsuits against SoClean. Ten of those lawsuits were filed more than six months before Central filed its declaratory judgment complaint. SoClean thus moves to dismiss, arguing that Central's declaratory judgment claim as to those ten lawsuits is untimely under New Hampshire's declaratory judgment statute.[1] Central acknowledges that it waited more than six months after the filing of the ten underlying suits to file its declaratory judgment action, but asks for permission to amend its

---

[1] See Memo. of Law in Supp. of Motion to Dismiss (doc. no. 20-1) at 6-8, 10-11 ("Because Central failed to bring its declaratory judgment action for a number of the individual claims contained in the Consolidated Complaint within the six-month limitations period, it is barred pursuant to RSA 491:22 from seeking declaratory judgment as to those actions now.") (emphasis added). At oral argument, SoClean seemed to change course from its written motion, requesting that Central's entire declaratory judgment petition should be dismissed, notwithstanding the fact that Central's petition is timely as to at least one underlying claim against SoClean.

complaint to add a claim under the Federal declaratory judgment statute, which has no limitations period, to dispute coverage for those ten suits.

This court has subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity) because the parties are citizens of different states and the amount in controversy exceeds $75,000. After consideration of the parties' submissions and hearing oral argument, the court grants the motion in part. Central undisputedly failed to file this declaratory judgment action within six months of the filing of ten underlying class action lawsuits against SoClean, and none of the statutory exceptions to the six-month limitations period apply. The portion of Central's declaratory judgment action pertaining to those ten lawsuits must be dismissed as untimely. The court also declines to allow Central the opportunity to rescue its otherwise untimely claims by amending its complaint to add a claim under the Federal Declaratory Judgment Act. Because SoClean moves to dismiss Central's complaint in its entirety, however, and portions of the complaint are timely, the court denies SoClean's motion as to those timely aspects of Central's complaint.

**I.     Applicable legal standard**

To defeat a Rule 12(b)(6) motion to dismiss, Central must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015). In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in Central's favor. See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court may also consider judicially

noticed documents, matters of public record, documents central to Central's claim or sufficiently referred to in the complaint, and documents introduced by Central in its objection to the motion to dismiss or concessions in that objection, without converting the 12(b)(6) motion into a motion for summary judgment. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

A motion to dismiss based on a statute of limitations, such as this one, can only be successful when "the pleader's allegations leave no doubt that an asserted claim is time-barred." Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (internal quotation marks omitted).

## II. Background

The court recites the relevant factual background from Central's First Amended Complaint,[2] documents attached to that complaint, and other matters of public record. See Fritz v. Brown, No. 06-cv-469-PB, 2007 WL 2585083, at *1 (D.N.H. Aug. 29, 2007) (Barbadoro, J.) (Items "susceptible to judicial notice" include "matters of public record such as documents from prior court proceedings.").

Peterborough, New Hampshire-based SoClean manufactures, markets and sells cleaning devices for medical products like Continuous Positive Airway Pressure (CPAP)

---

[2] Doc. no. 21.

devices.³ In 2016, Central issued liability insurance policies to SoClean, including a Commercial General Liability Policy and a Commercial Liability Umbrella Policy (the "Central Policies").⁴ The Central Policies were in effect from early June 2016 through early June 2018.⁵ In September and October 2021, ten putative class action lawsuits were filed against SoClean in courts throughout the country.⁶ Then, in early December 2021, another putative class action suit was filed against SoClean in this court (the "New Hampshire Action").⁷ Within six months of the filing of the New Hampshire Action, Central filed a declaratory judgment action in this court to contest coverage for the putative claims in the New Hampshire Action.⁸

By virtue of a consolidated amended class action complaint filed on July 22, 2022, the New Hampshire Action, along with the previously filed ten class actions and other cases, were consolidated into a multi-district litigation that is currently pending in the United States District Court for the Western District of Pennsylvania (the "Consolidated

---

³ Id. at ¶ 6.

⁴ Id. at ¶¶ 6-7.

⁵ Id. at ¶¶ 7, 13.

⁶ See Exhibits 1-10 to Mot. to Dismiss (doc. nos. 20-2 through 20-11).

⁷ Doc. no. 21 at ¶ 19.

⁸ See Complaint (doc. no. 1) at ¶¶ 15, 23-25, in docket no. 1:22-cv-192-SE, filed on May 31, 2022. At the parties' request, Central's declaratory judgment action against SoClean was consolidated with a previously filed declaratory judgment action filed by Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation against SoClean, pending before the undersigned judge. See June 16, 2023 Endorsed Order in 1:22-cv-192-SE and June 23, 2023 Endorsed Order in 1:22-00079-JL.

4

Action").[9] The basic, common allegation in the Consolidated Action is that since 2012, SoClean has "manufactured and marketed medical devices used to clean other devices (Continuous Positive Airway Pressure and Bi-Level Positive Airway Pressure devices), but that the SoClean devices, despite being marketed as such, were not safe, healthy, or effective."[10] A little over a year after the Consolidated Action was filed, Central (with SoClean's assent[11]) filed an Amended Complaint seeking a declaratory judgment as to coverage for all putative claims in the Consolidated Action, including the ten class actions.[12]

Based on the policy provisions and exclusions in the Central Policies, Central has agreed to participate in SoClean's defense in the Consolidated Action but reserved the right to disclaim coverage for any claims made by the as-yet-certified putative class.[13] Central further contends that SoClean's alleged course of conduct giving rise to the

---

[9] Id. at ¶ 20.

[10] Id. at ¶ 21.

[11] Central argues in passing that because SoClean assented to its request to amend its original complaint, the court should view SoClean's motion to dismiss with skepticism. The court is not persuaded. SoClean's assent to the filing of an amended complaint does not operate as a waiver of any defenses to the claims in that complaint, including statute of limitations.

[12] See doc. no. 15 in 1:22-cv-00192 and doc. no. 21 in 1:22-cv-00079-JL. Central's Amended Complaint asserts one count for declaratory judgment but does not identify the statutory basis for the requested relief. It appears, however, that because Central bases its lawsuit on diversity jurisdiction (see doc. no. 21 at ¶ 3), it is relying on New Hampshire's declaratory judgment statute, RSA 491:22. SoClean assumes for purposes of its motion to dismiss that Central is relying on the New Hampshire statute, and Central appears to have confirmed that point in its objection. See generally Objection (doc. no. 22).

[13] Doc. no. 21 at ¶ 29.

5

Consolidated Action constitutes a single "occurrence" for purposes of insurance coverage under the Central Policies.[14]

## III. Analysis

SoClean moves to dismiss Central's amended complaint in its entirety, arguing that Central may not seek declaratory judgment on any underlying claims asserted in the Consolidated Action because it failed to file a declaratory judgment within six months of the filing of the ten underlying class actions. SoClean contends that Central improperly seeks a declaratory judgment as to all claims in the Consolidated Action on the basis that it filed a timely complaint for declaratory judgment as to the claims in the New Hampshire Action.[15] In response, Central does not address SoClean's arguments head on, but instead requests leave to amend its complaint to add a claim under the Federal declaratory judgment statute, which has no corresponding limitations period. The court mostly agrees with SoClean.

**The ten underlying lawsuits**. Under New Hampshire's declaratory judgment statute, no petition for declaratory judgment "shall be maintained under this section to determine coverage of an insurance policy unless it is filed within 6 months after the filing of the writ, complaint, or other pleading initiating the action which gives rise to the question." N.H. Rev. Stat. Ann. § 491:22, III. The six-month limitation period "shall not

---

[14] Id. at ¶ 30.

[15] Doc. no. 20-1 at 6.

apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such 6-month period" or if the court finds that "the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect." Id.  Central does not contend that either of these statutory exceptions to the six-month limitations period apply here.

The statute "'does not set forth a discovery rule such that the six-month period begins to run from the date of the discovery of the facts giving rise to the dispute over insurance coverage.'  Rather, the six-month period runs from the date the underlying writ is filed." Binda v. Royal Ins. Co., 144 N.H. 613, 615 (2000) (quoting Hartford Ins. Co. v. Bird, 124 N.H. 784, 786 (1984)).  In Binda, the Supreme Court of New Hampshire addressed "when an amended writ triggers a new six-month limitations period under RSA 491:22, III." 144 N.H. at 619.  The court concluded that "an amended writ triggers a new six-month limitations period under RSA 491:22, III when new factual or legal allegations change the cause of action in a manner that raises a coverage issue for the first time." Id.  There, the original writ alleged that the insured had engaged in willful, wanton and reckless conduct, whereas the amended writ added a claim for negligence.  Because the amended writ raised for the first time the question whether the insurer would provide coverage for alleged negligent conduct, the court held that the amendment triggered a new six-month limitations period for the declaratory judgment action. Id. at 620.

Similarly, in cases involving separate actions (like underlying tort suits and separate indemnification actions), the court has held that a subsequent suit "does not revive the timeliness of an untimely filed petition for declaratory judgment." Craftsbury

7

Co. v. Assurance Co. of Am., 149 N.H. 717, 720 (2003). Where the original and subsequent actions "[arise] from a common set of operative facts," the original action is "sufficient to alert [the declaratory judgment petitioner] to seek a determination" of coverage under the terms of the applicable insurance policy. Id.; see also Mottolo v. U.S. Fidelity & Guaranty Co., 127 N.H. 279, 284 (1985) (finding that because the original lawsuit and the subsequent indemnity action arose from a common set of operative facts, and the parties to the indemnity action were co-defendants in the original lawsuit, all of the facts were in place from which the party petitioning for declaratory judgment could have deduced that his insurance coverage was a major issue, and the underlying lawsuit (and not the indemnity action) triggered the six-month limitations period). Thus, the Craftsbury court found that because the "complaint that gave rise to the question of coverage was filed" more than six months prior to the filing of the "petition for declaratory judgment," the declaratory judgment petition "was therefore untimely." Id.

Judge McAuliffe reached a similar conclusion as the Craftsbury and Mottolo courts in Enterasys Networks, Inc. v. Clarendon National Ins. Co. See Enterasys Networks, Inc. v. Clarendon Nat'l Ins. Co., No. CIV. 04-CV-27-SM, 2006 WL 2482779, at *2 (D.N.H. Aug. 29, 2006) (McAuliffe, J.). There, separate class action suits had been filed against the insured more than 13 months before the insured filed its declaratory judgment action. Those suits were later joined with others in a consolidated action and an amended complaint was filed in the consolidated action. The insured argued that the filing of the amended complaint in the consolidated action triggered the six-month limitations period and, because it filed the declaratory judgment action within six months

of the filing of the amended complaint, it was timely under RSA 491:22, III. 2006 WL 2482779, at *3.

The court disagreed. It found that the insured "knew (or certainly should have known) that the allegedly wrongful conduct described in [the original] complaints implicated coverage" under the applicable insurance policies. Id. at *4. And while the amended complaint in the consolidated action "added new defendants, broadened the scope of the class period, and alleged additional wrongful conduct on the part of [the insured] that was not mentioned in the original complaints," the "basic causes of action remained the same and arose from the same common set of operative facts." Id. at *3. Thus, the court concluded that the six-month limitations period began to run upon the filing of the original class action suits, "not the subsequently filed amended complaint in the consolidated class action suit." Id. at *4.

The circumstances here warrant a similar conclusion. It is undisputed that Central did not file a declaratory judgment complaint within six months of the filing of the original ten class action complaints. The inclusion of those ten class actions in the Consolidated Action did not "change the cause of action in a manner that raise[d] a coverage issue for the first time." Binda, 144 N.H. at 619. Central also does not dispute that the causes of action in the Consolidated Action are effectively the same as the causes of action in the original ten class actions and that all of the actions arise from the same common set of operative facts. Further, Central was on notice of the ten class action complaints at or around the time they were filed, and thus could have filed a declaratory judgment action within six months of when those ten complaints were filed.

9

Accordingly, to the extent that Central seeks to dispute coverage for the original ten class actions (that were filed against SoClean in September and October 2021) through this declaratory judgment action, Central's amended complaint "leave[s] no doubt that" that aspect of Central's declaratory judgment complaint must be dismissed as untimely.[16] Gorelik, 605 F.3d at 121.

**The New Hampshire Action and other subsequent underlying lawsuits.** Central's declaratory judgment claim as to the New Hampshire Action and any other underlying claims in the Consolidated Action filed after December 1, 2021, however, is timely. SoClean concedes that Central filed its declaratory judgment complaint within six months of the filing of the New Hampshire Action, so that aspect of the claim is timely. This distinguishes the present case from Enterasys, where no aspect of the petitioner's claim was timely, and the petitioner improperly sought to use an amended complaint in the underlying suit as the trigger point for its declaratory judgment claim. As for "the portions of its Amended Complaint pertaining to [any claims in the Consolidated Action against SoClean filed after December 1, 2021]," Central contends that those should relate back to the filing date of its original Complaint, pursuant to Fed.

---

[16] The court reminds Central that "[w]hile declaratory judgment actions may be an efficient procedure for determining the scope of insurance coverage, such actions are not mandatory." Craftsbury, 149 N.H. at 721 (citation omitted). Thus, as here, when portions of a declaratory judgment action are dismissed as untimely, "the parties are not collaterally estopped from litigating policy coverage issues in another action because, although rulings in declaratory judgment actions are conclusive, this is only true as to any issues actually litigated by the parties and determined in the action." Id.

10

R. Civ. P. 15(c).[17]  SoClean does not respond to this argument.  The court agrees with Central.  Because Central's Amended Complaint asserts a declaratory judgment claim that arises out of conduct, transactions, or occurrences set out in the original pleading, relation back to the date of its original complaint is proper under Fed. R. Civ. P. 15(c)(1)(B).  Central's declaratory judgment claim as to underlying claims against SoClean filed after December 1, 2021 is therefore timely as well.

**Central's request to amend.**  Perhaps acknowledging the untimeliness of its declaratory judgment claim relating to the original ten class action suits against SoClean, Central seeks alternative relief.[18]  Specifically, Central asks for leave to amend its complaint to add a claim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  According to Central, because the federal statute has no corresponding limitations period, Central can assert a claim under it that would cover the original underlying ten class action suits (which would otherwise be untimely under the New Hampshire declaratory judgment statute).  Central's argument does not persuade the court.

"The operation of the [federal] Declaratory Judgment Act is procedural only." Colonial Penn Grp., Inc. v. Colonial Deposit Co., 834 F.2d 229, 232 (1st Cir. 1987); see also Akins v. Penobscot Nation, 130 F.3d 482, 490 n.9 (1st Cir. 1997) (noting that the federal Declaratory Judgment Act does not "in itself, create[ ] a substantive cause of action").  Thus, "[f]ederal jurisdiction does not lie simply because relief is requested

---

[17] Doc. no. 22-1 at 4.

[18] See doc. no. 22-1- at 9.

under the federal Declaratory Judgment Act." Colonial Penn, 834 F.2d at 232; see also Health Care Acct. & Consulting Servs., LLC v. Exec. Risk Indem., Inc., No. 01-103-P-C, 2001 WL 776208, at *2 (D. Me. July 11, 2001) (citation omitted) ("The First Circuit has held that state substantive law must be applied in state-law-based declaratory judgment actions brought in federal court. Litigants may not use federal declaratory judgment jurisdiction to avoid the effect of substantive and otherwise applicable state law."). Instead, this court has diversity jurisdiction over Central's declaratory judgment claim and the substantive law of New Hampshire applies. See Hansen v. Sentry Ins. Co., 756 F.3d 53, 57 (1st Cir. 2014) (noting that the "parties, quite rightly, do not dispute that the substantive law of New Hampshire applies to the coverage issues in this diversity case").[19] "It is . . . commonly accepted that in diversity cases state statutes of limitations apply." Godin v. Schencks, 629 F.3d 79, 88 (1st Cir. 2010) (citing Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945)).

SoClean thus avers that even if the court allowed Central to amend its complaint to add a claim under the federal Declaratory Judgment Act, the six-month limitations period under RSA 491:22 would still apply and bar any aspect of the claim relating to underlying claims filed more than six months before the date of Central's original complaint. Central rejoins that at least one court has followed the procedure it asks for and allowed a party to use the federal Declaratory Judgment Act to rescue an otherwise

---

[19] Indeed, "a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." Ticketmaster–New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994).

untimely claim under the state statute. See Town of Peterborough v. Hartford Fire Ins. Co., 824 F. Supp. 1102, 1108 (D.N.H. 1993) (Devine, J.) ("[T]he court finds it inappropriate to apply the limitations period in RSA 491:22 in the instant action.").

The court agrees with SoClean. It would be counterintuitive for a court sitting in diversity, applying the substantive law of a state, to ignore that state's law governing the timeliness of analogous declaratory judgment claims. See Hansen, 756 F.3d at 58 (noting, in dicta, that an argument similar to Central's was "rather flummoxing: we are sitting in diversity to adjudicate state law claims, and there is no indication that this case involves any federal question that would support an independent federal cause of action appropriate for declaratory relief"). Applying the state six-month limitations period also "best serve[s] the 'twin aims of the Erie rule: discouragement of forum shopping and inequitable administration of the laws.'" Godin, 629 F.3d at 91 (quoting Commercial Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 773 (1st Cir. 1994). "If application of federal law would disserve these two policies, state law applies." Commercial Union, 41 F.3d at 773.

The Peterborough decision cited by Central does not change the result. At the outset, the decision appears to be an outlier; the court's research reveals that no other federal court sitting in diversity has declined to apply the limitations period in RSA 491:22 to a declaratory judgment claim brought under the Federal Declaratory Judgment Act. The decision is also readily distinguishable for several reasons. First, it was decided at a time when the prevailing view was that "RSA 491:22 applie[d] only to underlying suits brought in our State courts." Scully's Auto-Marine Upholstery v. Peerless Ins. Co.,

13

136 N.H. 65, 67 (1992) (per curiam); see also Jackson v. Federal Ins. Co., 127 N.H. 230, 233 (1985) ("[T]he legislature did not intend to avail litigants in the federal courts of our State declaratory judgment remedy for resolving insurance coverage questions."). RSA 491:22 thus only applied to a narrow subset of underlying lawsuits, which presumably caused parties to file fewer declaratory judgment suits under RSA 491:22 in federal court.

That changed following an amendment to RSA 491:22 that took effect after the Peterborough decision. The legislature added a provision to subsection III of the statute that "[a] petition for declaratory judgment to determine coverage of an insurance policy may be instituted as long as the court has personal jurisdiction over the parties to the matter, even though the action giving rise to the coverage question is brought in a federal court or another state court." Parties may now (and often do) file actions under RSA 491:22 in federal court regardless of where the underlying suit was filed.[20]

Moreover, the Peterborough decision relies entirely on a quote from Jackson and the holding in Scully's, both of which were effectively abrogated by the amendment to RSA 491:22. See Town of Peterborough, 824 F. Supp. at 1108 ("Based on the foregoing [quote from Jackson], and in light of the New Hampshire Supreme Court's holding in Scully's (quoted supra ), the court finds it inappropriate to apply the limitations period in

---

[20] Even if declaratory judgment petitioners choose to file under the Federal Declaratory Judgment Act, they often recognize that the six-month limitations period under RSA 491:22 still applies. For example, in the companion complaint filed by Liberty Mutual in this action, the plaintiff seeks a declaratory judgment under the federal statute but acknowledges that the six-month limitations period from the state statute applies to its claim. See doc. no. 1 at ¶¶ 6-7, 10.

14

RSA 491:22 in the instant action."). The Peterborough decision thus has little precedential value.

Finally, allowing Central's requested amendment and declining to apply the six-month limitations period in this case "would undermine state substantive policies concerning the statute of limitations." 118 E. 60th Owners, Inc. v. Bonner Properties, Inc., 677 F.2d 200, 201 (2d Cir. 1982). "[W]hen a state that has a declaratory remedy withholds it in a particular class of cases in order to vindicate a state substantive policy, such as a limitations policy, it is entirely appropriate for a federal court to assess the impact of its grant of a declaratory remedy [under the federal declaratory judgment statute] on that substantive policy of the state." Id. (citing Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 298-301 (1943)). Here, the New Hampshire Supreme Court has stated that the "six-month limitations period applicable to insurance coverage cases was created to eliminate inexcusable delays in filing pretrial declaratory judgment petitions regarding insurance coverage, which were impeding the progress of the underlying lawsuits." Craftsbury, 149 N.H. at 719. The limitations period is thus "enforced to encourage early determination of insurance coverage questions." Allstate Ins. Co. v. Aubert, 129 N.H. 393, 396 (1987). Allowing Central's proposed workaround of the six-month limitations period by filing a claim under the federal statute would clearly frustrate these policies. It would also reward delinquent filers to the detriment of policyholders awaiting coverage determinations. The court therefore denies Central's alternative request to file a second amended complaint.

## IV.     Conclusion

For these reasons and the reasons set forth above, the defendant's motion to dismiss[21] is GRANTED IN PART and DENIED IN PART.  Central's declaratory judgment claim only as to the ten underlying class action suits filed in September and October 2021 is dismissed.[22]

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated: August 18, 2023

cc:     Adam Ira Stein, Esq.
        Doreen F. Connor, Esq.
        Peter L. Bosse, Esq.
        Nathan Reed Fennessy, Esq.

---

[21] Doc. no. 20.

[22] At oral argument, SoClean requested an award of attorneys' fees and costs under RSA 491:22-b if it prevails on its motion to dismiss.  While the court grants SoClean's motion in part, it denies its request for fees and costs.  As the New Hampshire Supreme Court has found, the "right to reimbursement [under RSA 491:22-b] arises, if at all, only after the merits of the case are decided."  Liberty Mut. Ins. Co. v. Home Ins. Indem. Co., 117 N.H. 269, 271 (1977).  Said differently, the "insured becomes entitled to the fees and costs once it obtains rulings that demonstrate that there is coverage under the excess insurance policy."  EnergyNorth Nat. Gas, Inc. v. Certain Underwriters at Lloyd's, 156 N.H. 333, 347 (2007).  The court has not ruled on the merits or made a coverage determination yet, and SoClean has not cited any legal authority allowing a fee award under these circumstances.

16